# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**JANET MAVIS MARCUSSE,**

    Petitioner,

v.	Case No. 4:14cv301-MW/CAS

**WARDEN FCI TALLAHASSEE,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

On or about June 10, 2014, Petitioner Janet Mavis Marcusse, a federal prisoner proceeding pro se, filed a "Placeholder Motion for Writ of Habeas Corpus," pursuant to 28 U.S.C. § 2241. ECF No. 1. After direction from this Court, Petitioner filed a § 2241 petition on the proper form. ECF No. 4. Petitioner subsequently filed an amended § 2241 petition. ECF No. 10. Petitioner also filed a memorandum. ECF No. 8. On October 14, 2014, Respondent filed an answer. ECF No. 14. Petitioner filed a reply, with exhibits, on or about December 1, 2014. ECF Nos. 22, 25. Petitioner also filed a Motion to Supplement § 2241 Petition with <u>Johnson v. United States</u>, ECF No. 33, which this Court allowed, ECF No. 34.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration, the undersigned concludes that Petitioner has not demonstrated entitlement to proceed under § 2241 and this petition should be dismissed.

## Background

On October 27, 2004, a grand jury indicted Petitioner Janet Mavis Marcusse on 61 counts, in connection with events that took place between 1998 and 2002, including 39 counts of mail fraud in violation of 18 U.S.C. § 1341, one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 371, one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371, fifteen counts of promotional money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i), one count of transactional money laundering in violation of 18 U.S.C. § 1957, two counts of concealment money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and one criminal forfeiture allegation.  <u>United States v. Marcusse</u>, No. 1:04cr165 (W.D. Mich.), ECF No. 108 (Superseding Indictment).  Marcusse proceeded to a jury trial in May and June of 2005

and, on June 14, 2005, the jury found her guilty on all counts. Id. ECF Nos. 429 (Jury Verdict), 427 (Special Jury Verdict). On October 28, 2005, the court sentenced Marcusse to a total of 300 months in prison – 240 months in prison on the promotional, concealment, and conspiracy-based money laundering offenses (Counts 41, 43-57, and 81-82), to be served consecutive to a 60-month sentence on the offenses for mail fraud and conspiracy to defraud the United States (Counts 1-40 and 42). Id. ECF Nos. 522, 558. This sentence reflected a downward departure from the sentencing guidelines recommended life sentence. United States v. Flynn, 265 F. App'x 434, 439-40 (6th Cir. 2008). Marcusse appealed and the Sixth Circuit Court of Appeals affirmed the case in an opinion issued February 14, 2008. Id. ECF No. 704.

On October 2, 2009, Marcusse filed a motion to vacate her sentence pursuant to 28 U.S.C. § 2255, raising more than 70 claims. Marcusse v. United States, No. 1:09cv913, 2012 WL 5306258 (W.D. Mich. Oct. 26, 2012). She submitted a 309-page supporting memorandum and 200 pages of exhibits. Id. ECF No. 1. The court dismissed some of the claims and directed the government to respond to the remaining 33 claims. Id. ECF Nos. 41, 42. After receiving the government's response and

Marcusse's reply, the court issued an opinion October 26, 2012, and denied all the claims. *Id.* ECF No. 77. Marcusse appealed, assigned case number 12-2677 in the Sixth Circuit. *Id.* ECF No. 81.

Marcusse filed a motion for relief of judgment under Federal Rule of Civil Procedure 60(b). *Id.* ECF No. 80. The court denied this motion. *Id.* ECF No. 83. Marcusse appealed, assigned case number 13-1500 in the Sixth Circuit. *Id.* ECF No. 85. The Sixth Circuit consolidated this appeal with the appeal of the denial of the § 2255 motion and found Marcusse's claims did not meet the standard for obtaining a certificate of appealability. *Id.* ECF No. 91.

Marcusse subsequently sought permission to file a second or successive § 2255 motion. The Sixth Circuit denied her application, assigned case number 14-1095, on September 12, 2015. *Id.* ECF No. 93. On or about April 27, 2016, Marcusse again sought permission to file a second or successive § 2255 motion, assigned case number 16-1533 in the Sixth Circuit. That application remains pending.

In the meantime, as indicated above, on or about June 10, 2014, Marcusse filed in this Court a "Placeholder Motion for Writ of Habeas Corpus" pursuant to 28 U.S.C. § 2241. ECF No. 1. She ultimately filed

an amended § 2241 petition, ECF No. 10, and a memorandum, ECF No. 8.[1]   Marcusse raises four grounds in her amended § 2241 petition:

(1) "Petitioner is innocent of and not factually or legally eligible for the Sentence imposed in excess of the statutory maximum otherwise available where De Facto Career or ACCA Offender status was employed by using unreliable sources and clerical errors to support finding an extensive and on-going history of violence, firearms, drug-trafficking and fraudulent schemes in violation of the new intervening Supreme Court decisions in Begay [v. United States, 553 U.S. 137 (2008)], and Descamps [v. United States, 133 S. Ct. 2276 (2013)]."   ECF No. 10 at 3.

(2) "Relief was previously precluded in Petitioner's case until the decision in Descamps where uncharged criminal conduct was arbitrarily used to determine De Facto Career or ACCA Offender status due to modified categorical approach always having to be employed by first looking to the 'facts' underlying the 'crime' because no charging instrument, plea agreement, or transcript of plea colloquy existed."   Id.

(3) "It is only through the erroneous employment of De Facto Career or ACCA Offender status to disregard the last overt act charged in the indictment or at trial and find continuing criminal conduct, could an end run be made around the prohibitions on ex post facto to add enhancements otherwise not available, thereby violating the Fifth, Sixth, and Eighth Amendments, and as prohibited by the Supreme Court decisions in Apprendi [v. New Jersey, 530 U.S. 466 (2000)],

---

[1] Petitioner Marcusse subsequently filed, on or about August 11, 2016, a Notice of Change of Address reflecting her transfer to the Federal Correctional Institution in Waseca, Minnesota.   ECF No. 39.   Because she filed the § 2241 petition in this Court while incarcerated within the Northern District of Florida, the prison transfer does not deprive this Court of jurisdiction.   See Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004).

Case No. 4:14cv301-MW/CAS

Alleyne [v. United States, 133 S. Ct. 2151 (2013)], and Peugh [v. United States, 133 S. Ct. 2072 (2013)]." *Id.* at 4

(4) "The Savings Portal should open in Petitioner's case under the miscarriage of justice or fundamental defect standard where not only is she innocent of the so-called uncharged criminal conduct used to invent a criminal history, but where she is innocent of the underlying charges that went to trial in 2005, challenges upon which she cannot get heard, having been denied her First Amendment right of access to the courts during direct appeal and the 'adequate, alternative remedy' of a first § 2255 where most issues were again disregarded, thereby violating the Suspension Clause." *Id.*

Respondent filed an answer. ECF No. 14. Respondent asserts Petitioner Marcusse was not charged with or sentenced based on a drug trafficking or firearm offense and, therefore, her claim that she was sentenced as a "de facto" career offender or armed career criminal is incorrect. *Id.* at 1, 6-7. Respondent also points out that Marcusse was not sentenced above the statutory maximum or subject to any statutory mandatory minimum. *Id.* at 1, 4, 6. Respondent asserts none of the cases Marcusse relies on afford her relief. *Id.* at 10-13. Respondent concludes Marcusse has not shown § 2255 is inadequate or ineffective to test the legality of her detention and, accordingly, the Court should deny her § 2241 petition. *Id.*

Petitioner filed a reply. ECF Nos. 22, 25. Petitioner also

supplemented her § 2241 petition with <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015).   ECF No. 33.

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus.   See <u>United States v. Hayman</u>, 342 U.S. 205 (1952).   The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States."   As noted in <u>Hayman</u>, prisoners must bring habeas corpus applications in the district of confinement.   342 U.S. at 213.   Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28.   See <u>Hayman</u>, 342 U.S. at 212–14, 218; *see also* <u>Wofford v. Scott</u>, 177 F.3d 1236, 1239 (11th Cir. 1999).

The language of § 2255 suggests, and the Eleventh Circuit has

expressly concluded, that this statute channels challenges to the legality of the imposition of a sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement. See Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351-52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (explaining § 2255 is primary method of collateral attack on federally imposed sentence). Thus, § 2241 provides an avenue for challenges to matters such as the administration of sentences or parole, prison disciplinary actions, prison transfers, and certain types of detention. See Antonelli, 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is matter for habeas corpus).

In her § 2241 filings, Petitioner challenges her sentence. A collateral attack on the validity of a federal sentence is properly brought under 28

U.S.C. § 2255 in the district of conviction. *See, e.g.*, Antonelli, 542 F.3d at 1351-52; Sawyer v. Holder, 326 F.3d 1353, 1365 (11th Cir. 2003); Jordan, 915 F.2d at 629. The Eleventh Circuit has explained:

> In general, a federal prisoner seeking to challenge the legality of his conviction or sentence has two bites at the apple: one on direct appeal, and one via a § 2255 motion. In the interests of finality, the law generally bars prisoners from filing second or successive § 2255 motions, except when "certified as provided in section 2244[(b)(3)(A)] by a panel of the appropriate court of appeals to contain" either "newly discovered evidence" of actual innocence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h); Gilbert [v. United States], 640 F.3d [1293,] 1309 [(11th Cir. 2011 (en banc)]. This bar on second or successive motions is jurisdictional.

Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1339 (11th Cir. 2013). "A petitioner who has filed and been denied a previous § 2255 motion may not circumvent the successive motion restrictions simply by filing a petition under § 2241." Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005) (citing Wofford, 177 F.3d at 1245); *see, e.g.*, Antonelli, 542 F.3d at 1351.

In particular, § 2255(e) bars a § 2241 petition if the prisoner "has failed to apply for relief, by motion, to the court which sentenced him, or

that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*"  28 U.S.C. § 2255(e) (emphasis added); Wofford, 177 F.3d at 1238.  The italicized language, known as the "savings clause," provides a narrow exception to the bar and allows review of a § 2241 habeas petition only in limited circumstances.  "The applicability of the savings clause is a threshold jurisdictional issue, and the savings clause imposes a subject-matter jurisdictional limit on § 2241 petitions."  Samak v. Warden, FCC Coleman-Medium, 766 F.3d 1271, 1273 (11th Cir. 2014) (citing Williams, 713 F.3d at 1337-38).  A petitioner has the burden of demonstrating entitlement to proceed under the savings clause.  *Id.*

As set forth above, Petitioner has filed numerous motions, including a § 2255 motion, in the sentencing court challenging her conviction and sentence, all of which have been denied.  Petitioner now seeks to use her § 2241 petition as a vehicle for challenging the validity of her sentence.  To challenge her sentence under § 2241, Petitioner has to satisfy the savings clause by meeting five requirements:

> (1) Throughout the petitioner's sentencing, direct appeal, and first § 2255 proceeding, this [Eleventh Circuit] Court's precedent had specifically and squarely foreclosed the claim raised in the § 2241 petition;

(2) After the petitioner's first § 2255 proceeding, the Supreme Court overturned that binding precedent;

(3) That Supreme Court decision applies retroactively on collateral review;

(4) As a result of that Supreme Court decision applying retroactively, the petitioner's current sentence exceeds the statutory maximum; and

(5) The savings clause of § 2255(e) reaches [petitioner's] claim.

Jeanty v. Warden, FCI-Miami, 757 F.3d 1283 (11th Cir. 2014); *see* Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1257 (11th Cir. 2013).

Here, Petitioner attempts to satisfy step (2) by relying on the U.S. Supreme Court's decision in Descamps, which concerned the process for determining whether a prior conviction qualified as a "violent felony" for sentencing under the Armed Career Criminal Act (ACCA). 133 S. Ct. at 2281-82. As Respondent points out, however, Petitioner was not sentenced as an Armed Career Criminal (or even as a Career Offender). In addition, in any event, the Eleventh Circuit has explained that Descamps did not "implement a substantive or a 'watershed' procedural change in the law" and, further, "Descamps does not apply retroactively to cases on collateral review, and is not a proper basis for granting relief under § 2241 via the savings clause of § 2255(e)." Abney v. Warden, 621 F. App'x 580,

584 (11th Cir. 2015).

Petitioner also cites <u>Alleyne v. United States</u>, 133 S.Ct. 2151 (2013), in an apparent attempt to satisfy step (2). The Eleventh Circuit has held, however, that the <u>Alleyne</u> case does not apply retroactively to cases on collateral review. <u>Jeanty</u>, 757 F.3d at 1285-86.

In addition, to the extent Petitioner appears to rely on <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), such reliance is misplaced. The <u>Johnson</u> case concerned the definition of "violent felony" under the ACCA and the role of prior convictions for violent felonies in enhancing sentences. <u>Johnson</u> did not concern a defendant, like Petitioner, who was not sentenced under ACCA or as a career offender. *See* <u>United States v. Matchett</u>, 802 F.3d 1185, 1193-96 (11th Cir. 2015) (holding <u>Johnson</u> does not apply to sentences under advisory sentencing guidelines).

Moreover, as the Government explains in its response, Petitioner's sentence of 25 years does not exceed the statutory maximum punishment of life imprisonment. *See* ECF No. 14 at 6-7, 12-13. Thus, Petitioner also fails at step (4) and may not proceed under the savings clause. *See* <u>Gilbert</u>, 640 F.3d at 1323 ("What we do decide is that the savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim,

which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum.").

Therefore, in this case, review under § 2241 is not available as Petitioner challenges the validity of her sentence, not the execution thereof. Further, Petitioner has not shown entitlement to review under the savings clause, to open the § 2241 portal. Accordingly, this § 2241 petition should be dismissed for lack of jurisdiction.

## Conclusion

For the reasons set forth above, it is **RECOMMENDED** the amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 10) be **DISMISSED for lack of jurisdiction**.

**IN CHAMBERS** at Tallahassee, Florida, on November 23, 2016.

**S/ Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**